# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
962 Wayne Ave., Suite 610
Silver Spring, MD 20910

    *Plaintiff,*

v.

U.S. ENVIRONMENTAL PROTECTION
AGECNY
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

    *Defendant.*

CIVIL ACTION NO. 26-1070

**COMPLAINT**

## PRELIMINARY STATEMENT

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, and the Privacy Act, 5 U.S.C. § 552a(d)(1), to compel the United States Environmental Protection Agency ("EPA") to disclose records that PEER requested pursuant to FOIA and the Privacy Act that are now almost three months overdue for a final determination of whether to comply with the request and the reasons therefore. EPA has neither made a final determination nor produced any records responsive to this request.

2. On November 19, 2025, PEER submitted a combined FOIA/Privacy Act request regarding the reassignment of Dr. Sarah Gallagher, on behalf of its client, Dr. Sarah Gallagher. To date, Defendant has failed to make a final determination on PEER's FOIA/Privacy Act request and has failed to disclose any of the requested records within the time stipulated under FOIA. Defendant also failed to disclose records as required by the Privacy Act, 5 U.S.C. § 552a(d).

This complaint seeks to remedy Defendant's failure to respond to a routine request within the mandated time period under FOIA and as required by the Privacy Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under FOIA, 5 U.S.C. § 552(a)(4)(B), and the Privacy Act, 5 U.S.C. § 552a(g)(1)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

5. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia). Venue also lies in this court pursuant to the Privacy Act, 5 U.S.C. 552a(g)(5) (providing for venue in Privacy Act cases where the complainant resides, where agency records are situated, or in the District of Columbia).

6. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E) (FOIA) and 5 U.S.C. § 552a(g)(3)(B) (Privacy Act).

## PARTIES

7. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland.

8. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. PEER educates

and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

9. Defendant EPA is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

10. EPA is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The failure of EPA to provide PEER with the records requested and its failure to make a final determination on PEER's FOIA/Privacy Act request within twenty working days are violations of FOIA.

## STATEMENT OF FACTS

11. On September 22, 2025, Dr. Sarah Gallagher was notified that she would be transferred from EPA's Office of Research and Development (ORD), an office that EPA is dismantling, to the agency's newly created Office of Applied Science and Environmental Solutions (OASES) on October 19, 2025. While at ORD, Dr. Gallagher was a Biologist, a position she held since January 26, 2025. Her new title at OASES will likely be Project Officer.

12. On November 19, 2025, PEER submitted a FOIA/Privacy Act request and Privacy Act waiver signed by Dr. Gallagher seeking the following between November 5, 2024 – November 19, 2025:

   a. All documents and communications (including, but not limited to, emails, text messages, notes, Teams messages, transcribed voice mails, letters, spreadsheets, and memos) that discuss and/or explain the placement/reassignment/transfer of Dr. Sarah Gallagher from ORD to OASES, including whether any other offices were considered for her reassignment, such as the Office of Chemical Safety and Pollution Prevention (OCSPP), Office of Water (OW), Office of Land and Emergency Management (OLEM), and Office of Air and Radiation (OAR).

b.  All documents and communications (including, but not limited to, emails, text messages, notes, Teams messages, transcribed voice mails, letters, spreadsheets, and memos) that include discussions, opinions, or comments on her credentials, experience, work performance, character, status as a whistleblower, and/or past experiences working/interacting with her.

13. On November 19, 2025, EPA sent an email to PEER acknowledging receipt of the request and assigning the request tracking number 2026-EPA-01067.

14. On November 20, 2025, EPA sent an email to PEER requesting further confirmation of representation. Specifically, EPA requested that Dr. Sarah Gallagher contact the EPA FOIA Office using her EPA email address to confirm the representation.

15. On November 21, 2025, Dr. Gallagher emailed the EPA FOIA Office confirming PEER's representation. EPA confirmed receipt of Dr. Gallagher's email.

16. On November 24, 2025, EPA sent a letter to PEER stating that PEER's request for a fee waiver under FOIA was denied. In its FOIA/Privacy Act request, however, PEER cited that "[u]nder the Privacy Act, no fees may be charged for the cost of searching or reviewing records, but only for copying. 43 C.F.R. § 2.239(d). PEER is willing to pay up to $25.00 in copying fees."

17. On November 25, 2025, EPA sent an acknowledgement letter to PEER.

18. On December 9, 2025, EPA emailed PEER requesting that Dr. Gallagher complete a Consent for Disclosure of Records Protected Under the Privacy Act form.

19. On December 10, 2025, EPA sent an email to PEER, stating that "[a]n initial review of your request indicates a need to consult with, and collect records from, multiple components of the Agency (unusual circumstances). Therefore, your request is being placed on the "complex" processing track with an estimated completion date of March 24, 2026."

20. On December 11, 2025, PEER sent an email to EPA with the Consent for Disclosure of Records Protected Under the Privacy Act form completed by Dr. Gallagher and a copy of the email she sent to the EPA FOIA Office confirming PEER's representation. Additionally, PEER sent a second email that day requesting an interim production schedule in light of the estimated completion date. EPA did not respond to PEER's emails.

21. On January 9, 2026, PEER emailed EPA to follow-up on its previous request for an interim production schedule. EPA did not respond to PEER's email.

22. On February 19, 2026, PEER emailed EPA again to follow-up on its previous request for an interim production schedule.

23. On February 23, 2026, EPA responded to PEER, stating that the officer was reviewing multiple requests, could not provide an estimated time of completion due to the multiple offices that were required for consultation, and the search parameters of the request pulled a voluminous number of records which required extensive work.

24. On March 23, 2026, EPA sent an email to PEER stating that "[a]n initial review of your request indicates a need to consult with, and collect records from, multiple components of the Agency (unusual circumstances). Therefore, your request is being placed on the "complex" processing track with an estimated completion date of June 17, 2026."

25. To date, PEER has not received a final determination nor any records related to this request.

## <u>CAUSE OF ACTION – FOIA</u>

26. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

27. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government

and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

28. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

29. Twenty working days from PEER's request was December 18, 2025. Ten working days from December 18, 2025, was January 5, 2026. Therefore, to comply with FOIA, the agency should have issued a final determination on or before January 5, 2026.

30. In its December 10, 2025, email to PEER, EPA claimed that "unusual circumstances" warranted an extension to March 24, 2026. EPA abused the "unusual circumstances" provision set forth in 5 U.S.C. § 552(a)(6)(B)(i) by giving itself more than an additional two months, a timeframe well beyond the additional ten working days allowed by statute, to complete the request. EPA repeated this abuse of the "unusual circumstances" provision when it extended the timeframe yet again to June 17, 2026.

31. As of the date of this filing, PEER has not received a final determination on its FOIA/Privacy Act request and EPA has not made the records "promptly available." EPA's responses to the FOIA/Privacy Act request described above is now almost three months overdue for a final determination and "prompt" release of the records. Moreover, EPA's new estimated date of completion of June 17, 2026, is over five months overdue for a final determination and "prompt" release of records.

32. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for the FOIA/Privacy Act request described in this complaint, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

33. Defendant's conduct amounts to a denial of PEER's FOIA/Privacy Act request. EPA is frustrating PEER's efforts to adequately understand EPA's decision regarding the reassignment of Dr. Gallagher.

34. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the EPA to immediately make a determination and produce the records sought in PEER's FOIA/Privacy Act request, as well as other appropriate relief, including attorneys' fees and costs.

35. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's FOIA/Privacy Act request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## CAUSE OF ACTION – PRIVACY ACT

36. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

37. The Privacy Act provides that when an individual requests records or information pertaining to her, an agency shall provide access to the records requested, 5 U.S.C. § 552a(d)(1), and provides a cause of action to challenge a refusal to comply with such a request. 5 U.S.C. § 552a(g)(1)(B).

38. The statute provides that where an agency refuses to comply with a records request, "the court may enjoin the agency from withholding the records and order the production to

complainant of any agency records improperly withheld from him." 5 U.S.C. § 552a(g)(3)(A).

39. The statute also provides for an award of attorneys' fees and litigations costs. 5 U.S.C. § 552a(g)(3)(B).

40. Failure to provide the requested records for now over four months since they were requested November 19, 2025, amounts to a refusal to comply with the request.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i.   Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Privacy Act, and every order of this Court;

iv.  Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B); and

v.   Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on March 30, 2026,


    /s/  *Colleen Zimmerman*
Colleen Zimmerman, DC Bar # 90003410
Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
czimmerman@peer.org

*Attorney for Plaintiff*